THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD MORRIS LEE,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER DAN GOFF, *et al.*,<br><br>  Defendant. | CASE NO. C14-1992-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION |

This matter comes before the Court on Donald Lee's *pro se* civil rights action under 42 U.S.C. § 1983. (Dkt. No. 1.) The Honorable James P. Donohue, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Dkt. No. 31) advising this Court to dismiss Lee's cause of action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). Lee's objections to the R&R are mostly illegible and the caption identifies multiple case numbers. (Dkt. No. 32.) This Order pertains only to case C14-1992-JCC.

After reviewing Lee's objections, the parties' briefing, and the relevant record, the Court hereby ADOPTS the R&R and DISMISSES the complaint and this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   BACKGROUND**

Lee, an inmate at Stafford Creek Corrections Center, filed a *pro se* civil rights action under 42 U.S.C. § 1983 on December 31, 2014. (Dkt. No. 1.) In his complaint, Lee alleged that Officer Dan Goff of the City of Brier Police Department arrested him under false pretenses, held him in custody for several hours without allowing him access to an attorney, and obtained an overly broad warrant to seize items from Lee's house. (Dkt. No. 1–1 at 3.) Lee also named the City of Brier and the City of Brier Police Department as defendants and requested declaratory relief. (*Id.*) Judge Donohue determined that Lee's complaint failed to state a claim under 42 U.S.C. § 1983 and that all of the alleged violations appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. No. 20.) Judge Donohue therefore declined to serve Lee's complaint, but granted him leave to amend, and advised him of the elements needed to state a civil rights claim under 42 U.S.C. § 1983. (*Id.*)

In the R&R, Judge Donohue recommends dismissing the case without prejudice because Lee's original complaint failed to adequately allege any claim for relief under § 1983, and because Lee has failed to submit any viable amended pleading in this action. (Dkt. No. 31 at 4.) In response, Lee submitted a document titled "Objection to Dismissals," which identifies the following case numbers: C14-1992-JCC and C14-1993-RSL. (Dkt. No. 33 at 1.) Lee's document is largely illegible and fails to specifically object to Judge Donohue's R&R.

## II.  DISCUSSION

### A.  Standard of Review

The Court must make a *de novo* determination of those portions of a magistrate judge's report or recommendations to which a party objects, and the Court may accept, reject, or modify the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

### B.     § 1983 Failure to State a Claim

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the first prong in a § 1983 claim, a plaintiff must identify specific constitutional rights allegedly infringed. *Allbright v. Oliver*, 510 U.S. 266, 271 (1994). To establish the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350 (9th Cir. 1981).

The R&R addressed Lee's failure to cure the deficiencies in his original complaint. (Dkt. No. 31 at 4.) In his mostly illegible objections, Lee fails to make any specific objections to Judge Donohue's findings or state that he intends to amend his original complaint to state a cognizable claim. Most importantly, he fails to identify any constitutional rights he believes were violated by Officer Goff. Thus, Lee has failed to make an effective objection to the R&R.

Additionally, Lee appears to argue his claims are not barred by *Heck*. (Dkt. No. 32 at 1.) In order to recover damages by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
ACTION
PAGE - 3

issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486–87. Lee contends that he listed citations and case precedent which allow him to bring his cause of action. (Dkt. No. 32 at 2.) However, the R&R rightly notes that Lee's original complaint failed to state a claim under § 1983 and the potential *Heck* bar was not the only deficiency. (Dkt. No. 31 at 4.) There is, therefore, no need to address Lee's arguments about this issue.

Accordingly, the Court adopts Judge Donohue's recommendation to dismiss Lee's civil rights action without prejudice because the R&R appropriately finds Lee's claims are not cognizable under 42 U.S.C. § 1983.

**C.   Venue**

Also before the Court is Lee's Motion to Change Venue. (Dkt. No. 33.) Because the Court here adopts the R&R and dismisses Lee's case without prejudice, the motion (Dkt. No. 33) is DENIED as moot.

**III.   CONCLUSION**

For the foregoing reasons, the R&R (Dkt. No. 32) is ADOPTED and Donald Lee's civil rights action under 42 U.S.C. § 1983 (Dkt. No. 1) is DISMISSED without prejudice.

DATED this 17th day of August 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE